UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. KANE and MESA PHOTONICS, LLC,<br>    Plaintiffs,<br>v.<br>KENNETH W. DELONG, FEMTOSOFT TECHNOLOGIES, LLC, SWAMP OPTICS, LLC,<br>    Defendants. | Case No.: CV 13-05021-KAW<br><br>ORDER GRANTING DEFENDANTS KENNETH W. DELONG AND FEMTOSOFT TECHNOLOGIES, LLC'S MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION IN THE AMENDED COMPLAINT<br><br>(Dkt. No. 20) |

On December 20, 2013, Defendants Kenneth W. Delong and Femtosoft Technologies, LLC (collectively "Femtosoft") filed a motion to dismiss the first and second causes of action in Plaintiffs Daniel J. Kane and Mesa Photonics, LLC's amended complaint. (Def.'s Mot. to Dismiss, "Def.'s Mot.," Dkt. No. 20.) On February 20, 2014, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Femtosoft's Motion to Dismiss with leave to amend.

## I. BACKGROUND

Plaintiff Daniel J. Kane is the inventor of U.S. Patent No. 7,130,052 ("the '052 Patent") and founder and CEO of co-plaintiff Mesa Photonics, LLC (collectively "Mesa"). (Am. Compl., Dkt. No. 17 ¶¶ 7-8.) On October 22, 2012, Plaintiffs sued Femtosoft and Kenneth W. Delong (collectively "Femtosoft") for infringement of the '052 Patent by its QuickFrog and QuickFrog Lite software products. (*Kane v. Delong*, Case No. 3:12-cv-05437-EMC (N.D. Cal.) (the "California Action").) (Am. Compl. ¶¶ 9-10.)

On June 12, 2013, Mesa and Femtosoft attended a settlement conference and agreed to settle the California Action on terms that were read into the record. (Am. Compl. ¶ 11.) On August 5, 2013, Mesa and Femtosoft entered into a written settlement agreement, which contained an integration clause, and superseded any prior agreements. (Settlement Agreement, Def.'s Request for Judicial Notice, "RJN," Dkt No. 21, Ex. 1 ¶ 7.)

Per the Settlement Agreement, Femtosoft agreed that it would "not make, use, sell, offer to sell or distribute QuickFrog, QuickFrog Lite or similar products anywhere in the world or contribute or induce infringement of the '052 Patent." (Settlement Agreement ¶ 1). Femtosoft also represented that it had "control over all of the source code for QuickFrog and QuickFrog Lite products." (Settlement Agreement at 1.) Femtosoft further agreed to "demand[] the return of any and all master disks having any code for QuickFrog, QuickFrog Lite or similar products in the possession or control of Professor Rick Trebino or Swamp Optics, LLC." (Settlement Agreement ¶ 2.) The Settlement Agreement stated that Femtosoft represented that they were not in privity with Rick Trebino or with Swamp Optics. (Settlement Agreement at 1.) The Settlement Agreement further provided that Femtosoft "shall have the right to deliver software for purchases completed before June 12, 2013" and "shall have the right to support customers that existed prior to June 12, 2013 but not to distribute or sell QuickFrog, QuickFrog Lite or similar products to such customers." (Settlement Agreement ¶ 1.)

On October 28, 2013, Plaintiffs filed a complaint in federal court against Kenneth W. Delong, Femtosoft, and Swamp Optics for breach of the settlement agreement on the grounds that Femtosoft continued selling QuickFrog software through Swamp Optics. (Am. Compl. ¶¶ 32-35.) Plaintiffs allege that Swamp Optics was the primary sales agent for QuickFrog software, and that Femtosoft's QuickFrog software was custom designed for Swamp's GRENOUILLE system. (Am. Compl. ¶ 16.) On information and belief, Plaintiffs contend that Swamp Optics performed many other functions and services on Femtosoft's behalf related to QuickFrog, including setting retail and distributor pricing, negotiating with distributors, performing service calls, and attending industry conferences to promote QuickFrog. (Am. Compl. ¶¶ 25-28.) Plaintiffs allege that Swamp Optics is an actual or apparent agent of Femtosoft.

On November 25, 2013, Femtosoft moved to dismiss the two causes of action alleged against it. In response, Plaintiffs filed their first amended complaint. (Dkt. No. 17.) On December 20, 2013, Femtosoft filed a motion to dismiss the first cause of action for breach of the settlement agreement and the second cause of action for breach of implied covenant of good faith and fair dealing.

## II.     LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Id.* at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("However, conclusory allegations of law and

unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

///

///

///

4

### III. DISCUSSION

**A. Request for Judicial Notice**

As a preliminary matter, Femtosoft asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. The documents are purportedly true and correct copies of: 1) the Settlement Agreement entered into between Plaintiffs and co-defendants Kenneth W. Delong and Femtosoft in the California Action, dated August 5, 2013; 2) Print-out of the Femtosoft website (www.femtosoft.com) to show its nonexistence; 3) the dictionary definition of "master disk;" and 4) the dictionary definition of "source code." (Req. for Judicial Not., "RJN," Dkt. No. 21.) Plaintiffs do not oppose Femtosoft's request for judicial notice. (*See* Pls.' Opp'n, Dkt. No. 28 n. 5.)[1]

A court may take judicial notice of a document on a motion to dismiss pursuant to Rule 12(b)(6), if the unattached document is "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Plaintiffs' amended complaint and opposition both repeatedly refer to the Settlement Agreement. Further, the Settlement Agreement is central to Plaintiffs' claim, as the action is for enforcement of the Settlement Agreement. Lastly, no party questions the authenticity of the document.

Femtosoft seeks to have a printout of the Femtosoft website judicially noticed to show that the website is not operational. (RJN at 3.) The Court can take judicial notice of documents whose authenticity, and the veracity of the facts contained within it, could not reasonably be questioned. *See* Fed. R. Evid. 201(b). Courts have taken judicial notice of websites maintained by parties to the action as reliable. *Blue Lake Rancheria v. United States*, 08-4206 SC, 2010 WL 144989, at *2 n. 4 (N.D. Cal. Jan. 8, 2010) *rev'd and remanded on other grounds,* 653 F.3d 1112 (9th Cir. 2011). Here, Femtosoft is asking the Court to take notice that the website is nonoperational. Since Plaintiffs does not oppose the request for judicial notice, and the fact that there is no website hosted on the Femtosoft

---

[1] Plaintiffs filed a single opposition to both Femtosoft's motion to dismiss (Dkt. No. 20) and Swamp Optics' motion to dismiss (Dkt. No. 22), which is procedurally improper as they are separate motions. Nonetheless, the Court will consider Plaintiffs' arguments as they pertain to the causes of action against Femtosoft.

website, the Court will take judicial notice of the website printout showing that, as of the date of filing the request for judicial notice, the Femtosoft website was not operational.

Femtosoft asks the Court to take judicial notice of the dictionary definitions of "master disks" and "source code." While the Court denies these requests, it has considered those definitions to the extent that they are cited in Femtosoft's motion.

Accordingly, the Court GRANTS Femtosoft's request for judicial notice as to Exhibits 1 and 2, and DENIES the request as to Exhibits 3 and 4.

**B. Motion to Dismiss**

    1. First Cause of Action for Breach of Settlement Agreement

Plaintiffs allege that Femtosoft breached of the settlement agreement "as alleged above." (Am. Compl. ¶ 42.) By incorporating all preceding paragraphs by reference, and without specifying which facts pertain to the specific cause of action, the Court is left guessing as to Plaintiffs' theory or theories of breach.

Nevertheless, as far as the Court can ascertain, Plaintiffs' amended complaint appears to allege two theories of breach: (1) that Femtosoft's demand notices to Swamp Optics seeking the return of the master disks were so ineffective as to constitute no demand at all (Am. Compl. ¶¶ 15-19); and (2) that Femtosoft breached because Swamp Optics, as its agent, was still selling QuickFrog software after the date of the settlement agreement (Am. Compl. ¶¶ 23-29, 54). "A statement of a cause of action for breach of contract requires a pleading of (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

Accordingly, Plaintiffs must allege specific facts to support their contention that a breach of the settlement agreement occurred. Beyond conclusory statements, Plaintiffs have failed to adequately allege how Femtosoft breached the settlement agreement.

As to the first theory, the allegation that the demand notices were insufficient is generally alleged in the amended complaint without providing how the notices were defective. Plaintiffs' attempts to incorporate by reference copies of the demand notices, which were previously attached to Defendants' motions to dismiss, does not cure this pleading deficiency. Interestingly, despite these

allegations of deficiency in the amended complaint, Plaintiffs cite the notices in its Opposition as support for their contention that co-defendant Swamp Optics had knowledge of the settlement agreement. (Pls.' Opp'n at 11:7-8.)

As to the second theory of breach, the allegation that Swamp Optics breached the agreement as an agent of Femtosoft, all allegations are pled on information and belief, and as formulaic recitations. Plaintiffs are only permitted to plead factual allegations based upon information and belief if they have "information leading [them] to believe that the allegations are true." *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 550 (2007)(quoting *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951). Plaintiffs must then provide the information that leads the plaintiffs to believe that those allegations are true. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1158-59 (2011). Plaintiffs provide no such factual information in support of its belief that the allegations are true.

In addition, the remaining paragraphs in support of the first cause of action are simply a formulaic recitation of the elements of breach of contract, which is insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly,* 550 U.S. at 555.

Accordingly, Plaintiffs' first cause of action is dismissed with leave to amend.

2. <u>Second Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiffs allege that Femtosoft breached the implied covenant of good faith and fair dealing "in acting or failing to act as alleged above." (Am. Compl. ¶ 48.) By incorporating all preceding paragraphs by reference, but without specifying which facts pertain to the specific cause of action, the Court is again left guessing which facts pertain to Plaintiff's cause of action.

In addition, Plaintiffs' allege that "[o]n information and belief, Femtosoft's sales of QuickFrog and QuickFrog Lite products to Swamp Optics just prior to and in contemplation of the June 12, 2013 Settlement Conference were made in bad faith in violation of the implied covenant of good faith and fair dealing. (Am. Compl. ¶ 49.) Plaintiffs fail, however, to specify which facts form the basis of this belief. Even if they did, this allegation is not sufficient to sustain this cause of action, because "[t]here is no obligation to deal fairly or in good faith absent an existing contract. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992) (internal citations omitted.)

7

1 Plaintiffs, therefore, cannot rely on conduct occurring before the initial settlement agreement was put
2 on the record on June 12, 2013 to support this cause of action.[2]

Plaintiffs' second cause of action suffers from the same deficiencies as the first, in that the remaining supporting paragraphs are no more than a formulaic recitation of the legal elements and are all based on information and belief without identifying which facts form the bases of the claim.

Accordingly, Plaintiffs' second cause of action is dismissed with leave to amend. If Plaintiffs cannot provide factual allegations that satisfy Rule 8 pleadings standards, Plaintiffs should not amend.

3. Principal-Agency Relationship

Plaintiffs allege, on information and belief, that Swamp Optics is an agent of Femtosoft. In order to establish a principal-agent relationship, Plaintiffs must show that Femtosoft has the right to control Swamp Optics' behavior. *Desuza v. Andersack*, 63 Cal. App. 3d 694, 699 (2nd Dist. 1976). The right to control is an essential element. *Id.* at 699. That Swamp Optics sold Femtosoft's products does not automatically give rise to agency. Plaintiffs' allegations of Femtosoft's control over Swamp Optics' sales are limited to Femtosoft's "control over the QuickFrog and QuickFrog Lite code, [and its] right to control Swamp Optics' sales of those products." (Am. Compl. ¶ 22.) The remaining allegations concern retail sales of the products. (*See* Am. Compl. ¶¶ 23-29.) Moreover, all of these allegations are pled on information and belief without providing the factual bases underlying these assumptions, and are, therefore, violative of pleading standards. Therefore, as currently pled, the agency allegations are insufficient and must be dismissed with leave to amend.

///
///
///
///
///

---

[2] Plaintiffs repeatedly allege that the June 12, 2013 settlement read into the record is part of the final settlement agreement. The August 5, 2013 written agreement, however, contains an integration clause, and so it supersedes the June 12, 2013 settlement agreement. Accordingly, any amended complaint should not contain allegations regarding the terms of the June 12, 2013 settlement beyond the existence of an implied covenant of good faith and fair dealing.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Femtosoft's motion to dismiss the first and second causes of action with leave to amend. Plaintiffs shall file a second amended complaint within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

Dated: March 4, 2014

KANDIS A. WESTMORE
United States Magistrate Judge