United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. KANE and MESA PHOTONICS, LLC,<br>    Plaintiffs,<br>    v.<br>KENNETH W. DELONG, FEMTOSOFT TECHNOLOGIES, LLC, SWAMP OPTICS, LLC,<br>    Defendants. | Case No.: CV 13-05021-KAW<br><br>ORDER GRANTING DEFENDANT SWAMP OPTICS, LLC'S MOTION TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION IN THE AMENDED COMPLAINT<br><br>(Dkt. No. 22) |

On December 20, 2013, Defendant Swamp Optics, LLC ("Swamp Optics") filed a motion to dismiss the third and fourth causes of action in Plaintiffs Daniel J. Kane and Mesa Photonics, LLC's amended complaint. (Def.'s Mot. to Dismiss, "Def.'s Mot.," Dkt. No. 22.)  On February 20, 2014, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Swamp Optics' Motion to Dismiss with leave to amend.

## I. BACKGROUND

Plaintiff Daniel J. Kane is the inventor of U.S. Patent No. 7,130,052 ("the '052 Patent") and founder and CEO of co-plaintiff Mesa Photonics, LLC (collectively "Mesa"). (Am. Compl., Dkt. No. 17 ¶¶ 7-8.)  On October 22, 2012, Plaintiffs sued Femtosoft and Kenneth W. Delong (collectively "Femtosoft") for infringement of the '052 Patent by its QuickFrog and QuickFrog Lite software products. (*Kane v. Delong*, Case No. 3:12-cv-05437-EMC (N.D. Cal.) (the "California Action").) (Am. Compl. ¶¶ 9-10.)

On June 12, 2013, Mesa and Femtosoft attended a settlement conference and agreed to settle the California Action on terms that were read into the record. (Am. Compl. ¶ 11.) On August 5, 2013, Mesa and Femtosoft entered into a written settlement agreement, which contained an integration clause, and superseded any prior agreements. (Settlement Agreement, Def.'s Request for Judicial Notice, "RJN," Ex. 1 ¶ 7.)

Per the Settlement Agreement, Femtosoft agreed that it would "not make, use, sell, offer to sell or distribute QuickFrog, QuickFrog Lite or similar products anywhere in the world or contribute or induce infringement of the '052 Patent." (Settlement Agreement ¶ 1). Femtosoft also represented that it had "control over all of the source code for QuickFrog and QuickFrog Lite products." (Settlement Agreement at 1.) Femtosoft further agreed to "demand[] the return of any and all master disks having any code for QuickFrog, QuickFrog Lite or similar products in the possession or control of Professor Rick Trebino or Swamp Optics, LLC." (Settlement Agreement ¶ 2.) The Settlement Agreement stated that Femtosoft and Delong represented that they were not in privity with Rick Trebino or with Swamp Optics. (Settlement Agreement at 1.) The Settlement Agreement further provided that Femtosoft "shall have the right to deliver software for purchases completed before June 12, 2013" and "shall have the right to support customers that existed prior to June 12, 2013 but not to distribute or sell QuickFrog, QuickFrog Lite or similar products to such customers." (Settlement Agreement ¶ 1.)

On October 28, 2013, Plaintiffs filed a complaint in federal court against Kenneth W. Delong, Femtosoft, and Swamp Optics for breach of the settlement agreement on the grounds that Femtosoft continued selling QuickFrog software through Swamp Optics. (Am. Compl. ¶¶ 32-35.) Plaintiffs allege that Swamp Optics was the primary sales agent for QuickFrog software, and that Femtosoft's QuickFrog software was custom designed for Swamp's GRENOUILLE system. (Am. Compl. ¶ 16.) On information and belief, Plaintiffs contend that Swamp Optics performed many other functions and services on Femtosoft's behalf related to QuickFrog, including setting retail and distributor pricing, negotiating with distributors, performing service calls, and attending industry conferences to promote QuickFrog. (Am. Compl. ¶¶ 25-28.) Plaintiffs allege that Swamp Optics is an actual or apparent agent of Femtosoft.

1   On November 26, 2013, Swamp Optics moved to dismiss the two causes of action alleged against it. In response, Plaintiffs filed their first amended complaint. (Dkt. No. 17.) On December 20, 2013, Swamp Optics filed a motion to dismiss the third cause of action for inducing breach of contract and the fourth cause of action for intentional interference with a contractual relation.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Id.* at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("However, conclusory allegations of law

1 unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
2 claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more
3 than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts
4 that are merely consistent with a defendant's liability, it stops short of the line between
5 possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,
6 550 U.S. at 557) (internal citations omitted).

   Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B.  Request for Judicial Notice**

   As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

///
///
///

### III. DISCUSSION

**A. Request for Judicial Notice**

Swamp Optics ask that the Court take judicial notice of a purportedly true and correct copy of the Settlement Agreement entered into between Plaintiffs and co-defendants Kenneth W. Delong and Femtosoft in the California Action. (Req. for Judicial Not., "RJN," Dkt. No. 23, Ex. 1.) Plaintiffs do not oppose Swamp Optics' request for judicial notice. (*See* Pls.' Opp'n, Dkt. No. 28 n. 5.)[1]

A court, however, may take judicial notice of a document on a motion to dismiss pursuant to Rule 12(b)(6), if the unattached document is "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Plaintiffs' amended complaint and opposition both repeatedly refer to the Settlement Agreement. Further, the Settlement Agreement is central to Plaintiffs' claim, as the action is for enforcement of the Settlement Agreement. Lastly, no party questions the authenticity of the document.

Accordingly, the Court GRANTS Swamp Optics' request for judicial notice.

**B. Motion to Dismiss**

Swamp Optics was not a party to the California Action and seeks to dismiss the third and fourth causes of action, which "allege that Swamp Optics either induced Femtosoft to breach the settlement agreement (Amended Complaint ¶ 53), or tortiously interfered with the settlement agreement by causing its breach." (Def.'s Mot. at 2.) As Swamp Optics correctly points out, there are no allegations in the amended complaint that state that Swamp Optics was prohibited from selling Femtosoft software as a result of the Settlement Agreement. *Id.*

///

///

---

[1] Plaintiffs filed a single opposition to both Swamp Optics' motion to dismiss (Dkt. No. 22) and Femtosoft's motion to dismiss (Dkt. No. 20), which is procedurally improper as they are separate motions. Nonetheless, the Court will consider Plaintiffs' arguments as they pertain to the causes of action against Swamp Optics.

1. Third Cause of Action for Inducing Breach of Contract

Plaintiffs allege that Swamp Optics induced Femtosoft's breach of the settlement agreement by listing QuickFrog and QuickFrog Lite for sale on its website. (Am. Compl. ¶¶ 24, 53-54.) Plaintiffs' specifically allege that Swamp Optics is an agent of Femtosoft. (Am. Compl. ¶ 54.) To state a cause of action:

> plaintiff must allege the existence of a valid contract …; that the defendant had knowledge of the existence of the contract and intended to induce a breach thereof …; that the contract was in fact breached resulting in injury to plaintiff …; and the breach and resulting injury must have been proximately caused by defendant's unjustified or wrongful conduct.

*Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 189, 331 P.2d 689, 691 (1958)(citations omitted).

As a preliminary matter, Plaintiffs must allege specific facts to support their contention that a breach of the settlement agreement occurred. Beyond conclusory statements, Plaintiffs have failed to adequately allege how Femtosoft breached the settlement agreement. Plaintiffs' amended complaint appears to allege two theories of breach: (1) that Femtosoft's demand notices to Swamp Optics seeking the return of the master disks were so ineffective as to constitute no demand at all (Am. Compl. ¶¶ 15-19); and (2) that Femtosoft breached because Swamp Optics, as its agent, was still selling QuickFrog software after the date of the settlement agreement (Am. Compl. ¶¶ 23-29, 54).

As to the first theory, the allegation that the demand notices were insufficient is generally alleged in the amended complaint without providing how the notices are defective. Plaintiffs' attempts to incorporate by reference copies of the demand notices, which were previously attached to Defendants' motions to dismiss, does not cure this pleading deficiency. Despite these allegations of deficiency in the amended complaint, Plaintiffs cite the notices in their Opposition as support for their contention that Swamp Optics had knowledge of the settlement agreement. (Pls.' Opp'n at 11:7-8.)

As to the second theory of breach—the allegation that Swamp Optics breached the agreement as an agent of Femtosoft—all allegations are pled on information and belief, and as formulaic recitations of the cause of action. Plaintiffs are only permitted to plead factual allegations based upon information and belief if they have "information leading [them] to believe that the allegations are

true." *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 550 (2007)(quoting *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951). Plaintiffs must then provide the information that leads the plaintiffs to believe that those allegations are true. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1158-59 (2011). Plaintiffs provide no such factual information in support of its belief that the allegations are true.

Plaintiffs then attempt to incorporate all of the above allegations by reference, without specifying which facts pertain to the specific causes of action. Further, the remaining paragraphs in support of the third cause of action are simply a formulaic recitation of the elements of inducement, which is insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly,* 550 U.S. at 555.

Accordingly, Plaintiffs' third cause of action is dismissed with leave to amend. If Plaintiffs cannot provide factual allegations that satisfy Rule 8 pleading standards, and do not run afoul of Rule 11, Plaintiffs should not amend.

  2. <u>Fourth Cause of Action for Intentional Interference with a Contractual Relation</u>

Plaintiffs' allege that Swamp Optics intentionally interfered with its settlement agreement with Femtosoft. (Compl. ¶¶ 56-60.) To sufficiently state a cause of action for intentional interference with contractual relations, Plaintiffs must show "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Plaintiffs' fourth cause of action suffers from the same deficiencies discussed above, as supporting paragraphs are no more than a formulaic recitation of the legal elements and are all based on information and belief without identifying which facts form the bases of the allegations.

Accordingly, Plaintiffs' fourth cause of action is dismissed with leave to amend. If Plaintiffs cannot provide factual allegations that satisfy Rule 8 pleadings standards, and do not run afoul of Rule 11, Plaintiffs should not amend.

///

### 3. Principal-Agency Relationship

Plaintiffs allege, on information and belief, that Swamp Optics is an agent of Femtosoft. In order to establish a principal-agent relationship, Plaintiffs must show that Femtosoft has the right to control Swamp Optics' behavior. *Desuza v. Andersack*, 63 Cal. App. 3d 694, 699 (2nd Dist. 1976). The right to control is an essential element. *Id.* at 699. That Swamp Optics sold Femtosoft's products does not automatically give rise to agency. Plaintiffs' allegations of Femtosoft's control over Swamp Optics' sales are limited to Femtosoft's "control over the QuickFrog and QuickFrog Lite code, [and its] right to control Swamp Optics' sales of those products." (Am. Compl. ¶ 22.) The remaining allegations concern retail sales of the products. (*See* Am. Compl. ¶¶ 23-29.) Moreover, all of these allegations are pled on information and belief without providing the factual bases underlying these assumptions, and are, therefore, violative of pleading standards.

Further, assuming that Swamp Optics is an agent of Femtosoft, it cannot be held liable for inducement, as it is "settled that 'corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.'" *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1604 (2009) (quoting *Shoemaker v. Myers*, 52 Cal.3d 1, 24, 25 (1990)). In addition, an agent cannot be held liable for tortious interference. *PM Grp., Inc. v. Stewart*, 154 Cal. App. 4th 55, 65, 64 Cal. Rptr. 3d 227, 235 (2007).

Therefore, as currently pled, not only are the agency allegations insufficient, but they also effectively preclude the causes of action against Swamp Optics for inducement and tortious interference. While such allegations may support claims against Femtosoft, they defeat claims against Swamp Optics. Plaintiffs cannot plead alternative theories of liability that are contradictory as suggested by Plaintiffs' counsel's at the hearing. Therefore, Plaintiffs cannot both plead an agency theory and the third and fourth causes of action, because if Swamp Optics is an agent, then the only viable cause of action is for breach of contract, which is not currently alleged against Swamp Optics.

///

///

///

///

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Swamp Optics' motion to dismiss the third and fourth causes of action with leave to amend. Plaintiffs shall file a second amended complaint within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

Dated: March 4, 2014

KANDIS A. WESTMORE
United States Magistrate Judge